**BAYSIDE FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 92–454C.

United States Court of Federal Claims.

May 28, 2003.

---

John H. Carney, Dallas, TX, for plaintiff, EquiSource Capital Corporation.

Marc S. Sacks, with whom were on the briefs Stuart E. Schiffer, Deputy Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION

SMITH, Senior Judge.

This "third wave" *Winstar*-related case is before the Court on defendant's Motion for Disqualification of Plaintiff's Attorney filed on March 11, 2003. The plaintiff responded on March 27, 2003, and the government replied on April 9, 2003. A telephonic oral argument was held on May 9, 2003. After careful consideration of the briefs and oral argument, the Court denied defendant's Motion by Order dated May 12, 2003. This opinion sets forth the Court's reasoning supporting the decision.

In evaluating a disqualification motion, the Court of Federal Claims is guided by the Model Rules of Professional Conduct of the American Bar Association, the Rules of Professional Conduct of the Bar to which the attorney at issue is admitted to practice, and relevant case law. *Tannahill v. United States*, 25 Cl.Ct. 149, 160–61 (1992). The government argues that EquiSource Capital Corporation's ("EquiSource") counsel, Mr. John H. Carney, is in violation of Rule 3.7 of the Model Rules of Professional Conduct ("Model Rules"), which states:

(a) A lawyer shall not act as advocate of a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Mr. Carney is a member of the Texas State Bar, and the analogous provision in the Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct ("Texas Disc. Rule") reads:

(a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case;

(4) the lawyer is a party to the action and is appearing pro se; or

(5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure.

Thus, it appears that the Model Rules of Professional Conduct and the Texas Disciplinary Rules of Professional Conduct apply substantially similar standards to whether an attorney should be disqualified for his role as a necessary witness in the underlying dispute. *Ayus v. Total Renal Care, Inc.*, 48 F.Supp.2d 714, 717 (S.D.Tex.1999) (finding Model Rule 3.7 and Texas Disc. Rule 3.08 to apply substantially identical standards).

The government relies heavily on Model Rule 3.7 to argue that Mr. Carney's role as a necessary witness upon summary judgment or at trial mandates his immediate disqualification from further representation of the sole remaining plaintiff in this litigation, EquiSource. The government believes the evidence demonstrates that Mr. Carney is a necessary witness in these proceedings, and that his disqualification will not work a substantial hardship to EquiSource. Specifically, the government presents numerous documents surrounding the acquisition of the thrift central to this dispute, Bayside Federal Savings & Loan Association ("Bayside"), that Mr. Carney either authored or aided in preparing. The government further argues that the hardship exception to Model Rule 3.7 does not apply because EquiSource has brought this problem upon itself and has failed to meet the burden of proving distinctiveness in Mr. Carney's services. *See General Mill Supply Co. v. SCA Serv. Inc.*, 697 F.2d 704 (6th Cir.1982); *Warrilow v. Norrell*, 791 S.W.2d 515, 520 (Tex.App.1989). Lastly, the government stresses that the comment to Model Rule 3.7 recognizes that a court must balance the interests of both parties in determining hardship, and here the government would be unfairly prejudiced by Mr. Carney's dual role. *See* MODEL RULES OF PROF'L CONDUCT R. 3.7 cmt. 3 (2002).

Plaintiff responds with two primary arguments: (1) that the disqualification of Mr. Carney would unfairly prejudice EquiSource by denying it of its lawyer of choice; and (2) that defendant waived its right to object by waiting until the final months before trial. EquiSource concedes that the court has broad discretion to disqualify attorneys, but asserts that disqualification can be a "drastic, perhaps draconian tactic." *Tannahill*, 25 Cl.

Ct. at 164. In this case, plaintiff argues that defendant has failed to demonstrate that Mr. Carney will be a necessary witness, and suggests that his testimony will only serve to corroborate the testimony of Mr. James Fisher, the president of EquiSource. Plaintiff also argues that the disqualification motion is untimely and that the government waived its objection by waiting several years to object to plaintiff's counsel. In support, EquiSource cites several Texas state court cases that hold timeliness, or the lack thereof, to be a consideration in evaluating motions for disqualification. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41, 52 (Tex.1998); *Vaughan v. Walther*, 875 S.W.2d 690, 690–91 (Tex.1994); *Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 467–68 (Tex.1994) (stating a disqualification motion may become moot when the conflict continues without objection from the complaining party). Lastly, plaintiff explains that EquiSource will suffer severe hardship if they are denied their attorney of choice because they do not have the resources to replace Mr. Carney as counsel.

Pursuant to Rule of the Court of Federal Claims 83.2(c), the Court has the authority to review acts or omissions by an attorney admitted to practice before the Court which raise ethical concerns or may constitute ethical violations. Courts have cautioned that disqualification motions should be viewed with a special eye toward preventing their use as a strategic litigation device or a technique of harassment. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir.1982); *United States Use of Lord Electric Co. v. Titan Pac. Constr. Corp.*, 637 F.Supp. 1556, 1562 (W.D.Wash.1986). In evaluating a motion for disqualification, courts must examine each case separately and "balance the rights of the client, of the court, of the accused counsel and of the public's right to fair administration of justice." *Tannahill*, 25 Cl.Ct. at 164. For example, courts should balance a client's right to be represented by counsel of its choice with the opposing party's right to prepare and try its case without prejudice. *Id.* Similarly, the client's right to counsel of its choice should be balanced with the court's duty to maintain professional standards. *Id.* Lastly, courts should be mindful that a successful

motion for disqualification will most likely delay the proceedings as new counsel becomes familiar with the case, further harming the client and the efficient administration of justice. *Id.* at 165.

After a careful review of the parties' briefs, arguments presented during the telephonic hearing, and the relevant precedent and rules of professional conduct, the Court does not believe the circumstances of this case require disqualifying plaintiff's counsel, Mr. John Carney. First, the Court believes that Model Rule 3.7 and Texas Disc. Rule 3.08 are substantially similar, and given that Mr. Carney is licensed in Texas, the Texas Disciplinary Rules should govern the Court's analysis. After reviewing Rule 3.08 and the accompanying comment, the Court agrees with Mr. Carney's interpretation of Rule 3.08.

As Mr. Carney argued during oral argument, Section (a) appears to apply to Mr. Carney's belief that he "knows or believes" that he "is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." Texas Disc. Rule 3.08(a) (2002). During the hearing Mr. Carney represented to the Court that he does not believe he will be a necessary witness in establishing the claims brought by EquiSource. In fact, Mr. Carney stated that Mr. James Fisher will be the witness principally relied upon to establish the necessary facts. Further, any prejudice envisioned by the government by Mr. Carney's potential dual role is diminished by the unique character of liability decisions in *Winstar*-related cases. The majority of liability opinions issued in these cases rarely rely upon witness testimony, and many have been decided upon summary judgment utilizing uncontroverted documentary evidence. In addition, Section (b) of Rule 3.08 appears to have been waived by EquiSource as evidenced by Mr. Fisher's affidavit attached to plaintiff's opposition. Pl. EquiSource Capital Corp.'s Resp. and Mem. in Opp'n to Def. USA's Mot. to Disqualify Opposing Counsel Ex. 1. Lastly, the comment to Rule 3.08 makes clear, a "principal concern over allowing a lawyer to serve as both an advocate and witness for a client is the possible confusion that those dual roles could create for the finder of fact." Texas Disc. Rule 3.08 cmt. 4 (2002). In the present case, where the proceedings will potentially include a civil bench trial, the reasons for disqualification are not as prevalent where the attorney does not have the ability to influence or confuse a jury. Here, the Court will make the necessary factual determinations, and we are confident that we will be able to distinguish argument from factual testimony.

As mentioned above, the government has shown no real prejudice by Mr. Carney's continued participation as counsel for EquiSource. As the Texas Supreme Court stated in *Ayres v. Canales* in applying Texas Disc. Rule 3.08, "the trial court should require the party seeking disqualification to demonstrate actual prejudice to itself resulting from the opposing lawyer's service in the dual roles." 790 S.W.2d 554, 558 (Tex.1990). Here, the government's contention that Mr. Carney's strong emotional attachment to this case is prejudicial to the proceedings is not a basis for disqualification. In fact, the absence of the traditional attorney-client relationship may prove to benefit the government in this litigation. For instance, the government may have an untraditional advantage by being able to talk directly to the client. Settlement is potentially more likely in situations like the present case where opposing counsel may talk directly to a principal, rather than just a representative of the principal.

Lastly, the government's decision to delay the filing of the disqualification motion raises the question of dilatory litigation techniques. This case was filed in July of 1992, and Mr. Carney became attorney of record for EquiSource in February of 1994. While the Court agrees that this case has been effectively stayed since that time, the docket reveals that Mr. Carney has been substantially involved in this litigation since 1994. The Court does not believe that this specific motion was made for the purpose of delay, but the Court must be mindful of those situations that could "encourage vexatious techniques and increase cynicism by the public." *Tannahill*, 25 Cl.Ct. at 164. Thus, the fact that the government waited over nine years from Mr. Carney's appearance, and over fifteen (15) months since the beginning of "third

wave" discovery, to file a disqualification motion presents further justification for denying the government's request.

Therefore, for the reasons described herein, the Court hereby DENIES defendant's Motion for Disqualification of Plaintiff's Attorney.

It is so **ORDERED.**