# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-09-00640-CV
---

**In re Guaranty Insurance Services, Inc.**

---
### ORIGINAL PROCEEDING FROM TRAVIS COUNTY
---

## O P I N I O N

Relator Guaranty Insurance Services ("Guaranty Insurance") has filed a petition for writ of mandamus seeking to vacate the trial court's order disqualifying its counsel. On October 12, 2009, the trial court granted a motion to disqualify Guaranty Insurance's counsel, Strasburger & Price ("Strasburger"), on the ground that a paralegal who had performed work on behalf of Guaranty Insurance while working for Strasburger had also performed work on behalf of the opposing party, Trans-Global Solutions, Inc. ("Trans-Global"), during his previous employment at the law firm of Godwin Pappas Langley Ronquillo, LLP ("Godwin").

The Texas Supreme Court has held that when a paralegal works on a case at one firm, and then moves to another firm on the opposing side of that litigation, two presumptions come into play. *See Phoenix Founders, Inc. v. Marshall*, 887 S.W.2d 831, 834-35 (Tex. 1994). First, there is a conclusive presumption that the paralegal acquired confidential information during his work on the case at the first firm. *Id.* at 834. Second, there is a rebuttable presumption that the paralegal shared confidential information about the case with the members of the new firm. *Id.* at 835. This

second presumption may be rebutted by a showing "that sufficient precautions have been taken to guard against any disclosure of confidences." *Id.*

Based on *Phoenix Founders*, the paralegal at issue here is subject to a conclusive presumption that he obtained confidential information about the case while working at Godwin. *See id.* at 834. This presumption cannot be rebutted. *See id.* The primary issue in this proceeding is whether the trial court abused its discretion in determining that Strasburger failed to rebut the second presumption—that the paralegal shared confidential information about the case with his new employer. *See id.* at 835.

The presumption that confidential information will be imparted to a new employer can be rebutted by a showing that certain precautions have been taken to safeguard client confidences:

> Specifically, the newly-hired paralegal should be cautioned not to disclose any information relating to the representation of a client of the former employer. The paralegal should also be instructed not to work on any matter on which the paralegal worked during the prior employment, or regarding which the paralegal has information relating to the former employer's representation. Additionally, the firm should take other reasonable steps to ensure that the paralegal does no work in connection with matters on which the paralegal worked during the prior employment, absent client consent after consultation.

*Id.*

At the hearing on the motion to disqualify, Strasburger presented evidence of the extensive conflict-screening procedures it employed in hiring the paralegal, and opposing counsel concedes that Strasburger's conflict-screening process is exemplary. Unfortunately, these precautions did not reveal the potential conflict related to the paralegal's work for Trans-Global

2

while at Godwin, leading him to eventually perform work on behalf of Guaranty Insurance in connection with the same case.[1]

A firm's screening procedures, however thorough, must actually be effective in order to rebut the presumption of shared information. *See Phoenix Founders*, 887 S.W.2d at 833 ("[D]isqualification is not required if the [second] firm is able to establish that it has *effectively* screened the paralegal from any contact with the underlying suit.") (emphasis added).[2] Similarly, the precautions taken must be "sufficient . . . to guard against any disclosure of confidences." *Id.* at 835.

According to Strasburger, performing a conflicts check and instructing a paralegal not to work on any matter on which he worked during prior employment is sufficient to rebut the presumption of shared confidences, even if the paralegal, after being so instructed, works on such matters anyway. We disagree. It is not merely the act of *instructing* the paralegal to avoid working

---

[1] The record reflects that during his employment at the Godwin firm, the paralegal reviewed the case file to identify persons with knowledge of relevant facts, prepared an initial draft of Trans-Global's response to Guaranty Insurance's request for disclosure, assisted in document production, and communicated with Guaranty Insurance's counsel. Once employed at Strasburger, the paralegal organized pleadings and documents, and assisted in document production on behalf of Guaranty Insurance. Trans-Global discovered the conflict when the paralegal at issue sent email correspondence to Trans-Global's counsel on behalf of Guaranty Insurance. The email contained redacted documents in response to a request for production. In a follow-up phone conversation, the paralegal informed counsel for Trans-Global that counsel could call him "on all issues related to the Guaranty case."

[2] The Texas Supreme Court has since described its holding in *Phoenix Founders* as requiring disqualification "unless the hiring firm *effectively* screens the paralegal from any contact with the suit." *In re Meador*, 968 S.W.2d 346, 353 (Tex. 1998) (emphasis added); *see also In re Smith Barney, Inc.*, 975 S.W.2d 593, 599 (Tex. 1998) ("[I]n *Phoenix Founders, Inc. v. Marshall*, we held that a law firm's hiring opposing counsel's paralegal did not require the firm's disqualification in the litigation if the paralegal was screened from any contact with the case at the firm."). Here, it is undisputed that the paralegal was not effectively screened from contact with the case.

3

on both sides of the same litigation that serves to protect client confidences. It is the implication that the paralegal will actually follow the instructions and refrain from doing so. Unless the instructions are followed, they are of no benefit to the clients whose interests are meant to be protected.[3]

The supreme court held in *Phoenix Founders* that, in addition to giving the proper instructions, "the firm should take other reasonable steps to *ensure* that the paralegal does no work in connection with matters on which the paralegal worked during the prior employment." *Id.* (emphasis added). In this case, Strasburger's precautions failed to ensure that the paralegal refrained from working on the same matters he had worked on at Godwin, and thus failed to effectively guard against the disclosure of confidences.

In a case where, as here, a paralegal worked on both sides of the same litigation, the supreme court held that disqualification was required because the hiring firm did not take "the necessary steps to isolate" the paralegal from the litigation. *In re American Home Prods. Corp.*, 985 S.W.2d 68, 75 (Tex. 1998). While the firm in *American Home Products* failed to take any screening measures whatsoever, we find that distinction from the present case to be irrelevant for purposes of our analysis. When a paralegal actually performs work on a case that he had previously worked on for opposing counsel, the necessary steps to isolate him from such litigation were, by definition, not taken.

---

[3] Strasburger also points to its evidence, in the form of affidavits, that no confidential information was actually disclosed. Whether or not confidential information was actually disclosed is immaterial, as the "test for disqualification is met by demonstrating a genuine threat of disclosure, not an actual materialized disclosure." *Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 467 (Tex. 1994) (per curiam). As the supreme court pointed out, "any rule focusing on actual disclosure would place a virtually insurmountable burden on the party seeking disqualification, since the only persons who know whether confidences were actually shared will generally be the very lawyers seeking to avoid disqualification." *Id.*

4

We recognize the difficult position in which Strasburger finds itself at this stage of the proceedings, and further note the supreme court's warning against using a motion to disqualify as a dilatory tactic. *See Phoenix Founders*, 887 S.W.2d at 836. Strasburger's conflict-screening procedures were nothing if not thorough, but where a paralegal has actually been allowed to work on both sides of the same litigation, even the most exhaustive attempts at screening cannot be deemed effective.

Because Strasburger's screening procedure was ineffective to prevent the paralegal at issue here from actually working on both sides of the same litigation, we hold that the trial court did not abuse its discretion in granting the motion to disqualify. *See id.* at 835 (stating that absent client consent, "disqualification will always be required . . . when screening would be ineffective").

Accordingly, the petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Waldrop and Henson
    Dissenting Opinion by Justice Waldrop

Filed:  April 16, 2010

5