PER CURIAM
The issue in this case is whether a law firm must be disqualified after it employed a paralegal who had previously worked for the opposing party's counsel. We hold that the facts of this case require disqualification.
The Vethan Law Firm represents Bertram Turner and Regulatory Licensing & Compliance (RLC) in a suit against Christina Lopez. The Cweren Law Firm represents Lopez. Vethan hired Jeaneal Wright as a paralegal shortly after it commenced this suit and assigned her to work on Turner's case. With regard to her work on that matter, Wright exchanged emails with Vethan lawyers, communicated directly with Turner, reviewed confidential client information, and drafted an engagement letter. Wright also attended several meetings in which Vethan attorneys discussed Turner's case, exposing her to relevant work product and case strategy. Wright's employment at Vethan was short-lived, however, lasting approximately six weeks.
Cweren hired Wright eight months later, after Cweren had appeared in the Turner case as Lopez's counsel. To screen for potential conflicts, the record shows only that Cweren asked questions during the initial job interview based on the information provided in an applicant's resume. Because Wright did not disclose her prior employment at Vethan on her resume, Cweren did not ask any questions about her work there. Nor did Wright volunteer any information during the interview about her employment with Vethan. Importantly, the record does not reveal that Cweren instructed Wright to refrain from working *555 on any matters on which she might have worked during any of her prior positions.
Wright worked for Cweren on the Turner matter for several months, albeit largely in a clerical capacity. After Vethan noticed Wright's initials on Cweren documents, Vethan sent Cweren a letter asserting that Wright's participation in the matter created a conflict that required Cweren to immediately withdraw as Lopez's counsel. Cweren conferred with Wright, who admitted she had worked at Vethan but denied that she had worked on the Turner matter while employed by Vethan. Although Cweren refused to withdraw as Lopez's counsel unless Vethan could provide "proof" that Wright actually worked on the Turner matter while at Vethan, it nevertheless took remedial action. Cweren instructed Wright not to discuss the case with other employees, barred her from viewing any files related to the Turner matter, and shifted all responsibility for the case to other paralegals.
Vethan filed a motion to disqualify Cweren because of Wright's work on the Turner matter at both firms. The trial court denied the motion and the court of appeals denied Vethan's petition for writ of mandamus. 543 S.W.3d. 862, 2017 WL 61826, at *1 (Tex. App.-Houston [14th Dist.] Jan. 5, 2017, no pet.). Vethan now seeks mandamus in this Court, urging that the trial court abused its discretion in denying the motion and that Turner has no adequate remedy by appeal.
"Mandamus is available where a motion to disqualify is inappropriately denied as there is no adequate remedy on appeal." In re Columbia Valley Healthcare Sys., L.P. , 320 S.W.3d 819, 824 n.2 (Tex. 2010) (orig. proceeding). We review a trial court's refusal to disqualify a law firm under an abuse of discretion standard. See ids="7325891" index="3" url="https://cite.case.law/sw3d/320/819/">id. at 829.
Distilled, Vethan argues that it triggered an irrebuttable presumption that Wright imparted confidential information relating to the Turner matter to the Cweren firm, thus requiring disqualification. In the alternative, Vethan contends that Cweren failed to rebut a rebuttable presumption that Wright shared such information. Cweren argues that the measures it took after discovering Wright's conflict were sufficient to avoid disqualification, relying primarily on our decision in Phoenix Founders, Inc. v. Marshall , 887 S.W.2d 831, 836 (Tex. 1994) (orig. proceeding), where we set forth several factors as guidance in determining the effectiveness of a firm's screening measures. For the reasons explained below, we do not reach that analysis.[1]
Deciding whether to disqualify counsel based on a nonlawyer employee's conduct involves a two-step process, and different presumptions apply at each step. See Columbia Valley , 320 S.W.3d at 824-25. A trial court must grant a motion to disqualify a firm whose nonlawyer employee previously worked for opposing counsel *556 if the nonlawyer (1) obtained confidential information about the matter while working at the opposing firm and (2) then shared that information with her current firm. See In re Guar. Ins. Serv. , 343 S.W.3d 130, 134 (Tex. 2011) (orig. proceeding) (per curiam). We conclude both requirements are met here.
As to the first requirement, the law presumes that the nonlawyer employee obtained confidential information about the matter if she actually worked on the matter at her former firm. See Columbia Valley , 320 S.W.3d at 824. To "prevent the moving party from being forced to reveal the very confidences sought to be protected," this presumption is irrebuttable. Id. (quoting In re Am. Home Prods. Corp. , 985 S.W.2d 68, 74 (Tex. 1998) (orig. proceeding)). Here, Wright undisputedly "actually worked" on the Turner matter while employed at Vethan, so she is irrebuttable presumed to have obtained confidential information. See ids="11590946" index="10" url="https://cite.case.law/sw2d/985/68/#p74">id. ; Am. Home , 985 S.W.2d at 75 ("The presumption that a legal assistant received confidential information is not a rebuttable one."). We thus conclude that Vethan has satisfied the first requirement.
The second requirement is the focus of much of this case. Under the second requirement, the law presumes that a nonlawyer employee who obtained confidential information at her former firm shared that information with her new firm. See Columbia Valley , 320 S.W.3d at 824. This presumption is generally rebuttable, but some circumstances will cause the presumption to become irrebuttable.
When the shared-confidences presumption is rebuttable, the responding party may rebut it by satisfying another two-prong test. We have explained that
this second presumption can be overcome, but only by a showing that: (1) the assistant was instructed not to perform work on any matter on which she worked during her prior employment, or regarding which the assistant has information related to her former employer's representation, and (2) the firm took "other reasonable steps to ensure that the [assistant] does not work in connection with matters on which the [assistant] worked during the prior employment, absent client consent."
Id. (quoting Am. Home , 985 S.W.2d at 75 ). Casual admonitions to refrain from working on conflicted matters are insufficient to meet the first prong, and the "other reasonable measures" under the second prong "must include, at a minimum, formal, institutionalized screening measures that render the possibility of the nonlawyer having contact with the file less likely." Id. at 826. We have equated the second prong with "effective screening" and instructed courts to use the six factors enunciated in Phoenix Founders to guide such an inquiry:
(1) the substantiality of the relationship between the former and current matters; (2) the time elapsing between the matters; (3) the size of the firm; (4) the number of individuals presumed to have confidential information; (5) the nature of their involvement in the former matter; and (6) the timing and features of any measures taken to reduce the danger of disclosure.
Id. at 824-25 (citing Phoenix Founders , 887 S.W.2d at 836 ). These factors serve to answer whether the hiring firm's screening measures were "sufficient to reduce the potential for misuse of confidences to an acceptable level." Guar. Ins. , 343 S.W.3d at 135 (quoting Phoenix Founders , 887 S.W.2d at 836 ). But if a firm fails to establish that it met the first prong by instructing the nonlawyer employee to refrain from working on any conflicted matters, we need not reach the effectiveness of the *557 firm's screening measures under the second step.[2]
On this record, we hold that Cweren failed to rebut the rebuttable shared-confidences presumption.[3] This is so because Cweren did not instruct Wright to refrain from working on the Turner matter until after learning of her conflict. Although Cweren's later-enacted measures may have been effective, they were simply too late. "The test for disqualification is met by demonstrating a genuine threat of disclosure, not an actual materialized disclosure." Grant v. Thirteenth Court of Appeals , 888 S.W.2d 466, 467 (Tex. 1994) (orig. proceeding) (per curiam). Here, the measures were too late, and the threat of a prohibited disclosure was too high. A law firm must instruct a nonlawyer to refrain from working on conflicted matters before she commences work on a particular matter. This is true regardless of whether the second firm knows of the precise conflict.
In Columbia Valley , for example, we noted that the "hiring firm must demonstrate that [ ] the employee was instructed not to work on any matter on which she worked during her prior employment...." 320 S.W.3d at 828. Although we required disqualification for other reasons, we noted the law firm "satisfied the first prong" of the shared-confidences presumption because it instructed the employee "not to perform work on any matter on which she worked during her former employment, including [the conflicted matter]." Id. at 825 ; see Guar. Ins. , 343 S.W.3d at 136 (noting second firm instructed employee "not to engage with matters on which he had worked previously"); Phoenix Founders , 887 S.W.2d at 835 ("The paralegal should also be instructed not to work on any matter on which the paralegal worked during the prior employment, or regarding which the paralegal has information relating to the former employer's representation."); Grant , 888 S.W.2d at 467-68 (same). Because Cweren failed to meet the first prong of the two-step inquiry to rebut the shared-confidences presumption, we need not address the parties' arguments regarding the Phoenix factors under the second prong.
In summary, to rebut the rebuttable presumption that a nonlawyer employee imparted confidential information obtained at her previous employment, the hiring firm must demonstrate that it instructed the nonlawyer employee to refrain from working on any matters on which she worked in any previous employment. Columbia Valley , 320 S.W.3d at 824. The failure to provide this general instruction to a new employee creates an unacceptable risk of disclosure, even if the hiring firm is unaware of the new employee's specific conflict. Here, the record demonstrates that Cweren did not provide this instruction until after it discovered Wright's conflict.
*558 We conclude that the trial court abused its discretion in denying Turner's motion to disqualify. Without hearing oral argument, see TEX. R. APP . 52.8, we conditionally grant mandamus relief and direct the trial court to grant Vethan's motion to disqualify Cweren from the Turner matter. We are confident the court will comply, and the writ will issue only if it does not.

Cweren also contends that Vethan's brief is fatally defective because it (1) failed to support its statement of the case with references to the record, (2) contained arguments in its issues presented and statement of the facts, and (3) failed to provide a summary of the argument. To the extent these defects exist, they are not fatal. See Tex. R. App. P. 55.2(d), 55.2(g), 55.9 ("If a brief does not conform with these rules, the Supreme Court may require the brief to be revised or may return it to the party who filed it and consider the case without further briefing by that party.") (emphasis added). Finally, Cweren contends that Vethan's writ of mandamus to the court of appeals was procedurally defective due to the failure to certify the facts in the petition, and that as a result, the court of appeals likely denied mandamus relief on procedural grounds. The court of appeals' decision did not rest on that basis, and neither will ours.

Although we have explained that disqualification is usually not required when the "practical effect of formal screening has been achieved," see Guar. Ins. , 343 S.W.3d at 134, that inquiry assumes the second firm provided the initial instruction to the nonlawyer employee to refrain from working on conflicted matters. Whether the subsequent screening measures were effective is a question separate from the provision of the preliminary instruction.

The presumption of shared confidences is irrebuttable if, inter alia , "the nonlawyer has actually performed work, including clerical work, on the matter at the lawyer's directive if the lawyer reasonably should know about the conflict of interest." Columbia , at 320 S.W.3d at 828. The parties dispute whether the irrebuttable presumption applies under the circumstances of this case. However, because we conclude that Cweren failed to rebut the rebuttable presumption, we need not address those arguments.