

# NUMBER 13-25-00278-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CMG3, LLC D/B/A USA FOUNDATION REPAIR

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator CMG3, LLC d/b/a USA Foundation Repair contends that the trial court abused its discretion by disqualifying its counsel of record, Stephen P. Carrigan and Carrigan & Anderson, PLLC, in the underlying personal injury lawsuit.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus arises from trial court cause number 2022CCV-61423-3 in the County Court at Law No. 3 of Nueces County, Texas. Relator filed a related appeal from this same trial court proceeding which is docketed in our appellate cause number 13-25-00248-CV. By separate

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

When a trial court abuses its discretion by granting a motion to disqualify counsel, appeal is an inadequate remedy. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding); *In re Turner*, 542 S.W.3d 553, 555 (Tex. 2017) (orig. proceeding) (per curiam); *In re Guar. Ins. Servs., Inc.*, 343 S.W.3d 130, 132 (Tex. 2011) (orig. proceeding) (per curiam); *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 383 (Tex. 2005) (orig. proceeding) (per curiam); *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding) (per curiam); *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (orig. proceeding). Consequently, the "pertinent inquiry" in such cases is whether the trial court abused its discretion by disqualifying counsel. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Ismael Perez, the record provided, and the

memorandum opinion issued on this same day, we have dismissed that appeal for want of jurisdiction. *See CMG3, LLC v. USA Found. Repair v. Perez*, No. 13-25-00248-CV, 2025 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg June __, 2025, no pet. h.) (mem. op.).

applicable law, is of the opinion that relator has not met its burden to obtain relief. *See In re Turner*, 542 S.W.3d at 555–58. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

JENNY CRON
Justice

Delivered and filed on the
23rd day of June, 2025.