**Nancy VAUGHAN, Relator,**

v.

**The Honorable Barbara WALTHER,
Judge, Respondent.**

**No. 94–0200.**

Supreme Court of Texas.

April 28, 1994.

Thomas M. Goff, San Angelo, for relator.

David Vancourt, Randol Lane Stout, San Angelo, for respondent.

PER CURIAM.

Nancy Vaughan seeks mandamus relief from a trial court order disqualifying her attorney from representing her in a child custody action. We conclude that the trial court abused its discretion in ordering the attorney's disqualification, and therefore grant the requested relief.

In 1991, Nancy Vaughan hired attorney Thomas Goff to represent her daughter in a child custody matter. Goff filed an answer and a motion to transfer venue on behalf of Vaughan's daughter. Two weeks after the case was filed, it was dismissed. Goff never met or spoke with Vaughan's daughter during the seventeen days he represented her, and he has not represented her since then.

In March of 1993, Vaughan again engaged Goff, this time to represent her in seeking conservatorship of her granddaughter, who was the subject of the previous action, and her grandson, her daughter's child by a subsequent marriage.

On March 26, 1993, a temporary hearing was held on the grandson's case. At this hearing, the issue of Goff's prior representation of Vaughan's daughter was discussed. Goff maintained that no conflict of interest existed and stated that he would not withdraw from the case. On October 15, 1993, the day of the final hearing on both cases, Vaughan's daughter filed a motion to disqualify Goff based on his prior representation of her. At a hearing two weeks later, the trial court granted the motion to disqualify Goff from representing Vaughan in her grandson's case.[1]

Vaughan complains that her daughter waived any objection she may have had by failing to timely move for Goff's disqualification. We agree.

A party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint. *See Turner v. Turner,* 385 S.W.2d 230, 236 (Tex.1964); *HECI Exploration Co. v. Clajon Gas Co.,* 843 S.W.2d 622, 628 (Tex.App.—Austin 1992, writ denied); *Conoco Inc. v. Baskin,* 803 S.W.2d 416, 420 (Tex.App.—El Paso 1991, no writ); *Enstar Petroleum Co. v. Mancias,* 773 S.W.2d 662, 664 (Tex.App.—San Antonio 1989, orig. proceeding).

In the instant case, Vaughan's daughter was aware of Goff's possible conflict of interest as early as the temporary hearing

---

1. At this hearing, Vaughan filed a motion to substitute counsel in the action involving her granddaughter. The trial court granted Vaughan's motion to substitute, and Goff was replaced by another attorney in that case.

held on March 26, 1993, one day after Vaughan filed her first amended petition and well in advance of the October 15, 1993 final hearing date. Goff unequivocally stated at the March 26 hearing that he would not withdraw from the case. Nevertheless, Vaughan's daughter failed to take any action until six and a half months later, on the day of the final hearing. We hold that Vaughan's daughter waived her right to disqualify Goff by failing to timely file her motion. *See Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 656 (Tex.1990) ("[C]ourts must adhere to an exacting standard when considering motions to disqualify counsel so as to discourage their use as a dilatory trial tactic.").

We hold that the trial court abused its discretion by ordering the disqualification of Goff and that remedy by appeal would be inadequate. *See NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989).[2] Accordingly, we conditionally grant mandamus relief.

The writ will issue only if the trial court fails to vacate its order of disqualification.

---

**2.** We do not reach Vaughan's alternative argument that the trial court failed to apply the "substantially related test" outlined in *NCNB*

*Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 400 (Tex.1989).