# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00253-CV

**Robert James Henry, Appellant**

**v.**

**Gay Nell Henry, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 193,976A, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Robert James Henry appeals the district court's final decree of divorce along with various rulings in the underlying suit filed by Gay Nell Henry (Jones).[1] Henry argues that the district court erred by characterizing certain real property as community property, awarding personal property to the parties in possession of same, voiding a gift warranty deed, denying disqualification and recusal motions, declining to enter temporary orders for the protection of property pending appeal, declining to enter findings of fact and conclusions of law, and declining to enter an order for reimbursement or economic contribution from the community estate to Henry's separate estate. We will affirm the judgment.

---

[1] As part of the divorce, Gay Nell Henry had her last name restored to "Jones," which is how she identifies herself. For clarity, we will refer to her as "Jones" and to appellant as "Henry."

The background of this case and evidence adduced at trial are well known to the parties, and as such, we limit recitation of the facts. *See* Tex. R. App. P. 47.4 (generally requiring issuance of memorandum opinion that is no longer than necessary to advise parties of Court's decision and basic reasons for it).

**Characterization of real property in Temple, Texas**

A trial court must make a just and right division of the community estate upon divorce. Tex. Fam. Code § 7.001. The trial court has broad discretion in its division of the marital estate, and that division should be corrected on appeal only for an abuse of discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). We presume that the trial court properly exercised its discretion, and appellant has the burden of proving from the record that the division was so disproportionate, and thus unjust and unfair, as to constitute an abuse of discretion. *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied). A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature supporting its decision. *Stout v. Christian*, 593 S.W.2d 146, 151 (Tex. Civ. App.—Austin 1980, no writ).

In his first issue, Henry argues that the court's characterization of the home at 715 E. Downs in Temple, Texas as community property was incorrect because he purchased the property in part with his social security or veteran's disability funds. All property possessed by either spouse during or on dissolution of marriage is presumed to be community property, and overcoming this presumption requires clear and convincing evidence establishing the property is separate. Tex. Fam. Code § 3.003. The spouse claiming certain property is separate must trace and clearly identify the property claimed to be separate. *Zagorski v. Zagorski*, 116 S.W.3d 309,

2

316 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Jones testified that the house was built with income that was earned or given to them during the marriage. Henry testified that he spent social security or veteran's disability funds on the Temple property and that he borrowed money from a bank in Taylor to build the house. Henry put no evidence into the record proving or tracing the source of funds used for the purchase of the Temple property or the house and improvements. Mere testimony that property was purchased with separate property funds, without tracing, is generally insufficient to rebut the community property presumption. *Id.*; *see also In re Everse*, No. 07-11-00220-CV, 2013 Tex. App. LEXIS 7424, at *11 (Tex. App.—Amarillo June 18, 2013, no pet.) (mem. op.) (noting decision in which court excluded from marital estate amount of wife's social security disability award that was *traceable* to purchase of modular home).

Further, Henry's testimony that he borrowed money to build the house in Temple does not further his separate property claim. When a lender does not specifically look to the borrower's separate property for payment, a community debt has been incurred, and the money borrowed or property bought is community property. *Tedder v. Gardner Aldrich, LLP*, No. 11-0767, 2013 Tex. LEXIS 393, at *9 (Tex. May 17, 2013) (quoting Joseph W. McKnight, *Family Law: Husband and Wife*, 37 Sw. L.J. 65, 76-77 (1983)). There was no evidence that the bank agreed to look solely to Henry's separate property for payment of the house loan, and the district court found that Henry failed to prove the house was built with his separate-property funds.

Given the lack of evidence in the record to rebut the community-property presumption, we conclude that Henry did not prove by clear and convincing evidence that

3

the Temple property was his separate property. As such, the court did not abuse its discretion by determining that the Temple property was community property, and Henry's first issue is overruled.

**Award of personal property**

In his second issue, Henry argues that the court abused its discretion in awarding each party the personal property in that respective party's possession. Henry created a list of the personal property items that he claimed, and the district court admitted that list into evidence. Henry testified that the personal property on that list was left in the house in Temple and in his estimation was worth $144,824. Jones disputed Henry's allegation that she had possession of his items at the house in Temple. The district court admitted an exhibit—to which Henry stated he had no objection—containing Jones's shorthand rendition of her testimony as to each of the items that Henry claimed she had appropriated or sold. In that exhibit, Jones denied having the items that Henry claimed and explained the whereabouts of items that were in existence.

Considering the contradictory evidence, the district court could reasonably have disregarded Henry's testimony as not credible and not conclusive on the issue of the parties' personal property. It was within the court's province to do so, as the trier of fact. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819-20 (Tex. 2005) (noting factfinder is sole judge of witnesses' credibility and weight given to their testimony and may choose to believe one witness and disbelieve another); *Zagorski*, 116 S.W.3d at 318 (reviewing court may not interfere with factfinder's resolution of conflicts in evidence or pass on weight or credibility of witnesses' testimony). We cannot conclude that Henry met his burden of showing the district court clearly abused its discretion by

4

awarding Jones and Henry the personal property in each party's possession. Henry's second issue is overruled.

**Validity of gift warranty deed on the couple's home**

During the pendency of the divorce, Henry purported to transfer the couple's home by gift warranty deed to his daughters from a previous marriage, Valencia Tenell Henry and Athela Rochelle Henry. The deed, which was recorded in the real property records of Bell County, lists Henry as "grantor" and his daughters, who reside together at an address in Pflugerville, as "grantee[s]." Jones asserted and the district court determined that the deed transferring the home property from Henry to his daughters was void. Henry defends the property transfer in his third issue, arguing that the deed was not void because there was no evidence that his daughters had notice of his alleged intent to injure their stepmother's rights.

A spouse is prohibited from transferring community property pending a divorce decree, and such transfer is void if it was made with the intent to injure the rights of the other spouse. Tex. Fam. Code § 6.707(a). But a transfer is not void if a recipient of the transferred property lacked notice of the intent to injure the other spouse's rights. *Id*. § 6.707(b). The spouse seeking to void a transfer incurred while a divorce suit was pending has the burden of proving such notice. *Id*. § 6.707(c).

In reviewing a "no evidence" or legal-sufficiency complaint, we review the evidence in the light most favorable to the challenged verdict, and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d at 822. We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.*

at 827. When the evidence falls within the zone of reasonable disagreement, we may not substitute our judgment for that of the fact-finder. *Id.* at 822.

Here, the district court heard undisputed evidence that during the pendency of the divorce suit and while Jones still resided in the house, Henry unilaterally transferred the property to his daughters. Henry and his daughters made payments on property taxes that became delinquent after Henry stopped living there and the property was no longer in his name, but Henry did not have any discussion about the taxes with Jones. Henry testified that he registered the home as a church, but he did not give the Bell County Tax Appraisal District information about the church registration because Jones was still living there. Henry and his daughter (who was a minister) discussed their plan to use the house together as a church, and he hoped to hold services in the house when the divorce was over and Jones was no longer occupying the house. We conclude that this evidence—considered in the light most favorable to the district court's judgment and after indulging every reasonable inference in support of such judgment—tends to show that Henry and his daughter talked about their plans for the house to function as a church, to the exclusion of Jones's right to continue occupying it as her home. The evidence further shows that Henry's daughters never took possession of the property that they purportedly owned. This evidence supports the district court's determination that Henry intended to injure Jones's rights by transferring the property during the pendency of their divorce and an inference that the property gifted to the daughters was transferred with notice of Henry's intent to injure Jones's rights. *See* Tex. Fam. Code § 6.707; *see also Wright v. Wright*, 280 S.W.3d 901, 909 (Tex. App.—Eastland 2009, no pet.) (trial court could infer that purpose of husband's stock transfer to third party during pendency of divorce was to deprive wife

6

of interest in company and husband's actions demonstrated intent to deprive wife of as much community property as possible). We overrule Henry's third issue.

**Motion to disqualify Jones's counsel**

In his fourth issue, Henry argues that the district court erred in failing to disqualify John Gauntt, Jones's trial counsel. However, failure to timely seek disqualification of counsel waives the complaint. *Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994); *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994). We determine whether a complaint is waived by considering the amount of time that elapsed between the date the aggrieved party is aware of the possible conflict and the date that the party moves for disqualification. *See Vaughan*, 875 S.W.2d at 690-91. Waiver also occurs by a party's silence or inaction for an extended period demonstrating the aggrieved party yielded a known right. *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto Dealers Ass'n, Inc.*, 1 S.W.3d 108, 111 (Tex. 1999).

Here, Henry was aware of the basis for his disqualification complaint at the very latest as of the date of the final hearing on the parties' divorce, during which Henry testified that Gauntt's firm handled the execution of the deed to the Temple property. Henry never filed a motion for Gauntt's disqualification before the signing of the final decree. Instead, Henry waited until two months after the decree was signed—eleven months after the final hearing—to file the motion to disqualify. Henry's untimely filing of his motion to disqualify counsel waived the complaint. *See Vaughan*, 875 S.W.2d at 691 (concluding party waived disqualification complaint by waiting six and one-half months from date when she had knowledge of basis for disqualification before raising issue). We overrule Henry's fourth issue.

7

**Recusal of District Court Judge**

In his fifth issue, Henry argues that the district court judge erred in declining to recuse herself.[2] However, failure to file a timely motion to recuse waives the complaint. *See* Tex. R. Civ. P. 18a; *Blackwell v. Humble*, 241 S.W.3d 707, 712-13 (Tex. App.—Austin 2007, no pet.); *see also McElwee v. McElwee*, 911 S.W.2d 182, 185 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (concluding that party waived recusal complaint by failing to comply with civil procedure rules).[3] A motion is timely if filed at least "ten days before the date set for trial or other hearing." Tex. R. Civ. P. 18a(a); *see Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 422 (Tex. App.—Dallas 2006, no pet.) (concluding that appellants' recusal motion was untimely because alleged grounds for recusal were known to appellants before hearing began but motion was not filed until after judge heard argument and issued decision unfavorable to them).

Here, Henry did not file his motion to recuse ten days before the final hearing, even though he was aware of the basis for his recusal complaint "early in this case." *See* Tex. R. Civ. P. 18a(a). At a hearing on his motion to recuse, Henry testified that when Judge Jezek was still in private practice, he had a twenty-minute consultation with her about this divorce, but he disagreed with her fees and decided not retain her legal services. Early in the divorce suit, Henry thought this consultation provided grounds for recusal, yet he did not file his motion to recuse until after the final decree was signed and after he had filed his notice of appeal. His untimely filing of the motion to

---

[2] The record reflects that Judge William Bachus heard and denied Henry's motion to recuse.

[3] Henry filed his motion before amendments to Rule 18a became effective. *See* Tex. R. Civ. P. 18a, 50 Tex. B.J. 850 (1987, amended 2011). As such, we apply the pre-amendment version.

recuse the district judge waived the complaint. *See* Tex. R. Civ. P. 18a(a); *Carmody*, 184 S.W.3d at 422. We overrule Henry's fifth issue.

**Temporary orders**

In his sixth issue, Henry contends that the district court abused its discretion by declining to enter his requested temporary orders pending appeal for protection of the Temple property. Henry claimed that such orders were necessary because Jones was allowing the property to deteriorate and was not paying property taxes. In support of his requested temporary orders, Henry relied on sections 6.709 and 109.001 of the Family Code.

The court did not abuse its discretion by declining to enter a temporary order under section 109.001 of the Family Code, which applies to the protection of children, because Henry and Jones did not have children together. *See* Tex. Fam. Code § 109.001. Further, temporary orders under section 6.709 were not necessary because the final decree made adequate provision for the protection of the Temple property. *See id.* § 6.709 (providing that within thirty days of date appeal is perfected in suit for dissolution of marriage, trial court may render temporary order "necessary for the preservation of the property and for the protection of the parties during the appeal"). The court's decree made Jones responsible for paying "all taxes and utilities on the property pending its sale" and for "all maintenance and repairs necessary to keep the property in its present condition." Henry could have enforced the terms of this decree pertaining to protection of the property if they were being violated pending appeal. *See* Tex. R. App. P. 25.1(h) (stating that unless judgment is superseded or appellant is entitled to supersede judgment without security—neither of which apply here—filing notice of appeal does not suspend enforcement of judgment). We cannot conclude

that Henry has shown a clear abuse of discretion based on the court's declining to enter Henry's requested further orders for protection of the Temple property. We overrule Henry's sixth issue.

**Findings of fact and conclusions of law**

In his seventh issue, Henry complains of the district court's declining to enter findings of fact and conclusions of law. We conclude that any such error has been remedied by the court's filing of findings of fact and conclusions of law after this appeal was abated. *See* Tex. R. App. P. 44.4; *Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 319 (Tex. App.—El Paso 1996, no writ) (trial court's filing of findings of fact and conclusions of law after abatement remedied appellee's complaint about lack of findings and conclusions). Henry's seventh issue is overruled.

**Reimbursement or economic contribution**

In his eighth and final issue, Henry argues that the district court erred by declining to order reimbursement or economic contribution for funds that Henry's separate estate spent to improve the community estate.[4] However, Henry failed to present the court with documentary evidence of any expenditure by his separate estate on a community asset. *See Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982) (party claiming right of reimbursement has burden of pleading and proving expenditures and improvements were made and that they are reimbursable); *Hailey*

---

[4] The law applicable when the divorce petition was filed allowed such claims. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 230, § 1, 2003 Tex. Gen. Laws 1056, 1056, *repealed by* Act of May 19, 2009, 81st Leg., R.S., ch. 768, § 11(3), 2009 Tex. Gen. Laws 1950, 1953 (former Tex. Fam. Code § 3.403(a)) ("A marital estate that makes an economic contribution to the property owned by another marital estate has a claim for economic contribution with respect to the benefited estate.").

*v. Hailey*, 176 S.W.3d 374, 388 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (party seeking economic contribution bears burden of proving that claim). Nor does the record contain any pleading in which Henry makes a reimbursement or economic contribution claim. As such, we overrule Henry's eighth issue.

## CONCLUSION

Having overruled all of Henry's issues, we affirm the judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   April 18, 2014