In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00122-CV

_____

IN RE THOUSAND OAKS PROPERTY OWNERS ASSOCIATION, INC.

════════════════════════════════════════════════════════════

Original Proceeding

════════════════════════════════════════════════════════════

MEMORANDUM OPINION

In this mandamus proceeding, Thousand Oaks Property Owners Association, Inc. ("TOPOA") asks this Court to compel the visiting judge presiding in the 359th District Court of Montgomery County to vacate an order denying a motion to disqualify counsel for the real party in interest, Schight Montgomery, LLC, ("SMLLC") and sign an order disqualifying Nathan A. Steadman and his firm, Meyer, Knight & Williams, L.L.P. from continuing representation of the real party in interest in its lawsuit against TOPOA.

TOPOA argues Steadman must be disqualified because he represented TOPOA in the same or substantially related litigation between the developer and

1

property owners disputing control of TOPOA. *See generally In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 824 (Tex. 2010) (orig. proceeding) ("An attorney who has previously represented a client may not represent another person in a matter adverse to the former client if the matters are the same or substantially related."). The first case settled in 2005, at which time control of TOPOA transferred from the developer to the property owners.

The new case was consolidated into the earlier case in February 2014. SMLLC argues TOPOA waived its objections to SMLLC's choice of counsel because TOPOA failed to object to the representation for over a year after the new litigation commenced. *See generally Vaughn v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) ("A party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint.").

"Mandamus is available where a motion to disqualify is inappropriately denied as there is no adequate remedy on appeal." *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d at 823 n.2. A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). After examining and considering the petition for writ of mandamus

2

and the response, we conclude that the relator has not shown that it is entitled to mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a). All pending motions are denied as moot.

PETITION DENIED.


PER CURIAM


Submitted on April 13, 2015
Opinion Delivered April 23, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.