COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|   |   |   |
|---|---|---|
| IN RE | § | No. 08-15-00199-CV |
|  | § |  |
| ROSA MARIA TRUJILLO, | § | An Original Proceeding |
|  | § |  |
| RELATOR. | § | on Petition for |
|  | § |  |
|  | § | Writ of Mandamus |
|  | § |  |

## **O P I N I O N**

Rosa Maria Trujillo has filed a petition for writ of mandamus against the Honorable

Linda Y. Chew, Judge of the 327th District Court of El Paso County, Texas, to challenge an

order disqualifying Miller Weisbrod LLP from representing Relator in her suit against her ex-

husband, Dr. Jorge Fabio Llamas-Soforo. We conditionally grant mandamus relief.

## **FACTUAL AND PROCEDURAL SUMMARY**

Trujillo and Llamas-Soforo began living together in 2000, were married in 2005, and

divorced in 2010. Trujillo, represented by Miller Weisbrod, filed suit against Llamas-Soforo in

May of 2011 alleging causes of action for sexual assault, assault by offensive physical contact,

and intentional infliction of emotional distress.[1] Prior to filing this suit on behalf of Trujillo,

Miller Weisbrod represented plaintiff in multiple medical malpractice suits. Trujillo was still

married to Llamas-Soforo when the malpractice suits were filed and she was employed by his

---

[1] The case is styled *Rosa Maria Trujillo v. Jorge Fabio Llamas-Soforo* (cause number 2011-1601).

medical practice. The trial court found in the order granting the motion to disqualify that Trujillo was present during meetings with Llamas-Soforo's attorneys both before and during the trial of one of the medical malpractice cases.

At the time of the divorce in 2010, six of the medical malpractice cases were still pending. After Trujillo filed the suit against Llamas-Soforo in May of 2011, Llamas-Soforo moved to disqualify Miller Weisbrod in a malpractice case pending in Dallas County, styled *Bustamante v. Llamas-Soforo*. Miller Weisbrod voluntarily withdrew from the *Bustamante* case and the other then-pending malpractice cases. A jury rendered a verdict in favor of the plaintiffs in the *Bustamante* case, but the Dallas Court of Appeals reversed it. *Ponte v. Bustamante*, --- S.W.3d ---, 2015 WL 3485422 (Tex.App.--Dallas May 28, 2015, pet. filed). The trial court made an express finding that Miller Weisbrod not only retained an interest in the medical malpractice cases, it also participates in the funding of those cases. There is evidence that Miller Weisbrod paid an expert witness fee in one case, *Elizabeth Quiroz, Individually and as Next Friend of Joseph Cardona a/k/a Joseph Quiroz v. Jorge Llamas-Soforo*, cause number 2008-2694.

In July 2013, Trujillo filed a mandamus petition in this Court asserting that Respondent abused her discretion by denying discovery requests for medical and counseling records. *In re Rosa Maria Trujillo*, No. 08-13-00185-CV, 2015 WL 799439 (Tex.App.--El Paso February 25, 2015, orig. proceeding). Trujillo filed a motion in the trial court asking for the documents the court had reviewed *in camera* to be transmitted to the appellate court, but the trial court did not rule on the motion or transmit the documents. Consequently, we denied mandamus relief because Trujillo had failed to provide the records in question. *In re Rosa Maria Trujillo*, No. 08-13-00185-CV, 2015 WL 799439 (Tex.App.--El Paso February 25, 2015, orig. proceeding). Trujillo filed a motion for rehearing in this Court and set her motion to transmit the documents

for hearing in the trial court on April 2, 2015, but Llamas-Soforo filed a motion to disqualify Miller Weisbrod a few days before the hearing. The trial court heard both the motion to disqualify and the motion to transmit documents on April 2, 2015. The court granted the motion to disqualify and denied the motion to transmit the documents as moot. We subsequently denied the motion for rehearing in cause number 08-13-00185-CV. Trujillo filed her petition for writ of mandamus challenging the disqualification of Miller Weisbrod.

## WAIVER OF THE DISQUALIFICATION CLAIM

In her first issue, Trujillo asserts that Llamas-Soforo waived his disqualification claim by waiting sixteen months to file his motion to disqualify her counsel. Trujillo raised this argument in her response to the motion to disqualify and during the hearing.

### Standard of Review and Applicable Law

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 135-36. An order granting or denying a motion to disqualify counsel is reviewable by mandamus because a party generally lacks an adequate appellate remedy if counsel is disqualified. *See In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002). Disqualification is a severe remedy which can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice. *In re Columbia Valley Healthcare System*, 320 S.W.3d 819, 825 (Tex. 2010); *In re Nitla*, 92 S.W.3d at 422.

A party who fails to file its motion to disqualify opposing counsel in a timely manner generally waives the complaint. *In re George*, 28 S.W.3d 511, 513 (Tex. 2000). When

determining whether waiver exists, the reviewing court should consider the time period between when the conflict became apparent to the aggrieved party and when he moved to disqualify. *Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994). Courts have found waiver where a party waited as little as four to eight months to file the motion to disqualify. *See e.g., Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012)(unexplained delay of seven months amounted to waiver); *Vaughan v. Walther*, 875 S.W.2d 690, 691 (Tex. 1994)(delay of six and a half months constituted waiver); *Enstar Petroleum Company v. Mancias,* 773 S.W.2d 662, 664 (Tex.App.--San Antonio 1989, orig. proceeding)(finding waiver where party waited four months to file motion to disqualify).

The parties disagree regarding when the conflict became apparent. Trujillo argues that the conflict has been apparent since the day Miller Wesbrod filed suit on behalf of Trujillo in May 2011. Llamas-Soforo immediately moved to disqualify Miller Weisbrod in the malpractice cases in May 2011 and the firm voluntarily withdrew from representing the plaintiffs. The trial court did not make a specific finding of fact regarding when Llamas-Soforo knew or should have known that Miller Weisbrod retained an active interest in the medical malpractice cases. The court did, however, make findings which are relevant to the waiver issue.

First, the court found that Miller Weisbrod previously represented to the court in a hearing on a discovery matter that it was not sure whether the firm retained an interest in the malpractice cases, and Miller Weisbrod did not subsequently inform the court that it actually retained an interest in those cases.[2] Based on the trial court's comments at the motion to disqualify hearing, the discovery matter at issue led to Trujillo filing the mandamus petition on July 12, 2013 in cause number 08-13-00185-CV. This is some evidence that the issue of Miller

---

[2] The mandamus record does not contain a transcription of any hearing related to that matter, and we have not considered the record from cause number 08-13-00185-CV in ruling on the issues presented in this original proceeding.

- 4 -

Weibrod's interest in the malpractice cases had been raised prior to July 12, 2013, but Miller Weisbrod had not made the nature of that interest clear to the trial court.

Second, the court found that Miller Weisbrod had paid the fee for one of the plaintiff's designated expert witness, William V. Good, M.D. Dr. Good's deposition was taken on June 14, 2013 in the Cardona malpractice case.[3] During the deposition, Dr. Good produced a check for his services in the amount of $10,000 which appears to have been signed by Clay Miller of Miller Weisbrod even though it was drawn on the account of the Law Offices of Domingo Garcia LLP.

Third, the court found that Trujillo attended one day of the Cardona trial and listened to all of Dr. Llamas-Soforo's testimony when he was called adversely by the plaintiffs. The court found it significant that Trujillo did not attend any other portion of the Cardona trial, she had no interest in the medical malpractice suits, there had been no publicity about the Cardona trial, and Trujillo had no independent way of knowing when Llamas-Soforo would testify. That trial began on September 30, 2013 and the jury reached its verdict on October 9, 2013.

Accepting the trial court's fact findings as true, Llamas-Soforo knew or should have known that Miller Weisbrod continued to have an active interest in the malpractice cases no later than when Trujillo appeared at the Cardona trial in late September or early October 2013. This event occurred approximately sixteen months before Llamas-Soforo filed the motion to disqualify on March 26, 2015. The only remaining question is whether waiting sixteen months to file the motion to disqualify is reasonable.

_____

[3] The case, referred to by the parties as the Cardona case, is styled *Elizabeth Quiroz, Individually and as Next Friend of Joseph Cardona a/k/a Joseph Quiroz v. Jorge Llamas-Soforo, MD., Individually, Jorge Llamas-Soforo, MD., P.A. d/b/a El Paso Eye Center, Luis Alberto Ayo, M.D., Pediatrix Medical Group of Texas, P.A., Pediatrix Medical Group, Inc., Roy John Caviglia MD., Fortunato Perez-Benavides, MD, and Jose Berdardo Arellano, M.D., and Vibha Honkan, M.D.* (cause number 2008-2694). The Cardona case was tried in the 205th District Court in El Paso County, Texas and the jury returned a verdict in favor of Dr. Llamas-Soforo on October 9, 2013.

Llamas-Soforo asserts that he did not file a motion to disqualify immediately because Trujillo's suit was not moving forward. The status of Trujillo's suit is irrelevant because the basis of the motion to disqualify is Miller Weisbrod's alleged access to and use of the confidential information obtained by Trujillo. Llamas-Soforo also seeks to shift blame to Trujillo by arguing that she waited almost two years to set a hearing date on her motion to transmit the *in camera* documents to the Eighth Court of Appeals. This argument actually supports a finding of waiver because filing the motion to disqualify in response to Trujillo's action of getting a hearing date for her motion to transmit the *in camera* documents indicate that the motion to disqualify was used as a tactical weapon. Given the lack of a reasonable explanation for the sixteen-month-delay in filing the motion to disqualify, we conclude that Llamas-Soforo waived his complaint. Finding that the trial court abused its discretion by granting the motion to disqualify, we sustain Issue One[4] and conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court fails to set aside the order granting the motion to disqualify Miller Weisbrod.

November 4, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

[4] It is unnecessary to address Trujillo's remaining issues.