

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00447-CV

IN RE J.E., RELATOR

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

January 24, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL, and PARKER, JJ.

"Oh, the movie never ends.  It goes on and on and on and on . . . ."[1]

This movie began in 2013, as explained by one of our initial opinions in the dispute. *See In re Epps*, No. 07-14-00420-CV, 2014 Tex. App. LEXIS 13951 (Tex. App.—Amarillo Dec. 31, 2014, orig. proceeding) (mem. op.) (discussing the history of the dispute involving J.E., M.J., Adoption Covenant, and the biological child of J.E and M.J.).  Scenes have been added to it through the ensuing years.  *See In re Epps,* No. 07-14-00344-CV, 2014 Tex. App. LEXIS 11317 (Tex. App.—Amarillo Oct. 14, 2014, orig. proceeding) (mem. op.) (rejecting the claim that M.J. lacked standing to seek the modification of conservatorship because her rights had been terminated); *In re B.B.J.*, No. 07-15-00291-

---

[1] "Don't Stop Believin", Journey.

CV, 2015 Tex. App. LEXIS 8804 (Tex. App.—Amarillo Aug. 20, 2015, order) (per curiam) (order abating for findings of facts and conclusions of law); *In re B.B.J.*, No. 07-15-00291-CV, 2016 Tex. App. LEXIS 4018 (Tex. App.—Amarillo Apr. 15, 2016, pet. denied) (mem. op.) (dismissing appeal for want of jurisdiction and holding that J.E. had standing to challenge the reinstatement of M.J.'s parental rights).

The new scene before us also concerns a petition for writ of mandamus. J.E. petitioned this Court for such a writ directing the Honorable Jim Bob Darnell, presiding judge of the 140th District Court, to vacate the November 16, 2018 order disqualifying William McNamara from representing J.E. We conditionally grant the writ.

According to the record, the parties were conducting voir dire of potential jurors when Adoption Covenant, a party to the proceeding from its inception, moved for McNamara's disqualification. It argued that the attorney had represented another party in the cause, namely M.J., gave her advice, and, therefore, became a fact witness subject to disqualification. The trial court granted the motion because it believed that "since the very first hearing in this matter [in 2014] that Mr. McNamara should have recused from representation of either party." That decision resulted in the petition currently before us.

M.J. filed a response to the petition and represented therein that "she does not assert McNamara represented her." She also supported this representation through citation to an excerpt of a hearing conducted in September of 2017. Adoption Covenant appeared at and participated in that hearing. The excerpt to which we allude consisted of M.J. being asked the following: "Ma'am, when you testified *on September the 14th of 2014*, you testified you did not think Bill McNamara was your lawyer, correct?" (Emphasis added). She responded, "Correct." That was followed by the query: "That's still true today, correct?" She answered, "Yes."

2

In that September 2014 hearing, questions arose concerning McNamara's potential disqualification or recusal due to his supposed representation of M.J. At that time, the trial court asked the litigants whether "we have a problem." Upon hearing no complaint from M.J., it then said, "Well, we'll go forward at this point in time." Now, on the precipice of a trial seemingly to finalize whether M.J. should regain her parental rights to her biological child, B.B.J., Adoption Covenant resurrected the topic of disqualification.

Mandamus lies to correct a clear abuse of discretion where an adequate legal remedy does not exist. *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 207 (Tex. 2009); *In re Grubbs*, No. 07-18-00217-CV, 2018 Tex. App. LEXIS 4454, at *2 (Tex. App.—Amarillo June 19, 2018, orig. proceeding) (mem. op.). That it is available to correct an improperly issued order of disqualification is beyond doubt. *See In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (per curiam) (stating that "[m]andamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal"). So, the second element of the requisite test is satisfied here.

Regarding the existence of a clear abuse of discretion, we again turn to Supreme Court precedent and see where we have been told that a lawyer serving as both advocate and witness does not in itself compel disqualification. *Id.* at 57. Like precedent also told us that disqualification can be waived. That is, a litigant seeking to disqualify opposing counsel must do so in a timely manner; should he not, then the delay results in the question's waiver. *In re George*, 28 S.W.3d 511, 513 (Tex. 2000) (quoting *Vaughan v. Walther*, 875 S.W.2d 690 (Tex. 1994) (per curiam)). As for what constitutes untimeliness, a delay of seven months was enough to effectuate waiver, according to our Supreme Court. *See, e.g.*, *Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (per curiam) (wherein the movant waited seven months and the reviewing court held not only that the trial court

3

correctly denied the motion due to the delay but also that a delay of less time has also resulted in waiver).

Whether McNamara should recuse himself or be disqualified from representing J.E. due to some purported representation of M.J. is not a new topic. It reared its head over four years ago and died because the party having the greatest interest in objecting, *i.e*, M.J., did not complain. No one can deny that, since at least September of 2017, Adoption Covenant has known of the allegations about McNamara's supposed representation of M.J. Yet, it waited for over a year and until the middle of selecting jurors to attempt to resuscitate the corpse of disqualification and did so on the very basis raised back in 2014. Delaying for such an amount of time effectuated a waiver of its complaint. Consequently, the trial court clearly abused its discretion in disqualifying McNamara at this late date.

The movie may go on and on, but we do not stop believing that the litigants will get their final day in court. We do not stop believing that the child in question soon will find one measure of stability through the adjudication of who his lawful parents are. The prongs underlying the issuance of mandamus having been established, we conditionally grant the petition. Should the trial court not vacate its November 16, 2018 order disqualifying William McNamara as counsel for J.E. within thirty (30) days, we will issue a writ of mandamus directing that he do so.

Brian Quinn
Chief Justice

4