

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00568-CV

**IN RE** Anabel **GARZA**

Original Mandamus Proceeding[1]

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 4, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this mandamus proceeding, relator Anabel Garza complains of an order disqualifying her attorney in the underlying suit. Because we conclude the trial court abused its discretion by disqualifying Anabel's attorney and Anabel has no adequate remedy by appeal, we conditionally grant mandamus relief.

### BACKGROUND

The underlying suit arises from a real property dispute between Anabel and her brother, George L. Garza. Both Anabel and George claim sole ownership of a tract of land in Webb County, Texas. On January 5, 2022, Anabel filed a trespass to try title suit against George. An attorney, Margil Sanchez, Jr., filed the suit on Anabel's behalf. George was served with the suit on January

---

[1] This proceeding arises out of Cause No. CC-22-3, styled *Anabel Garza v. George L. Garza*, pending in the County Court at Law, Starr County, Texas, the Honorable Orlando Rodriguez presiding.

15, 2022. After being served, George attempted to retain an attorney, Jose Maria Garza, to represent him, but Garza declined to take the case because of a conflict of interest.[2] No answer was filed on George's behalf.

On March 23, 2023, Anabel obtained a default judgment in her favor. George then retained an attorney, Jay Pena, who filed a motion to set aside the default judgment. On July 5, 2023, the trial court granted the motion and set aside the default judgment. On August 11, 2023, Anabel propounded discovery on George. Thereafter, Pena filed a motion to withdraw, which the trial court granted on December 14, 2023.

On January 19, 2024, the trial court set the matter for trial on March 21, 2024. Two days before trial, another attorney, Flor E. Flores, appeared on George's behalf and filed a motion for continuance. The trial court granted the motion for continuance and re-set the matter for trial on May 30, 2024. Two days before trial, George filed another motion for continuance. On the day before trial, George filed a motion to disqualify Anabel's attorney. The trial court granted George's second motion for continuance and set the motion to disqualify for a hearing on June 13, 2024.

At the disqualification hearing, George testified that before Anabel filed her trespass to try title suit, he had met with Anabel's attorney, Sanchez, to discuss this title dispute with Anabel. George testified that he showed Sanchez copies of the plat and the deed supporting his title claim. George further testified that as soon as he was served with Anabel's suit, he read it and realized that Sanchez was representing Anabel. Because of his prior consultation with Sanchez, George was surprised that he was representing Anabel. George also testified that he had told his previous attorneys about his prior consultation with Sanchez, but he could not remember if he had told them to file a motion to disqualify Sanchez. After the hearing, the trial court signed an order granting

---

[2] The record contains a February 10, 2022 document signed by George, which states Garza declined to take the case because of a conflict of interest and returned a $400 retainer to George.

the motion to disqualify and ordering Sanchez disqualified from further representing Anabel in this case.

Anabel then filed a petition for writ of mandamus in this court, arguing (1) the trial court abused its discretion by granting the motion to disqualify, and (2) she has no adequate remedy by appeal. The crux of Anabel's argument is that George waived his right to disqualify Sanchez by filing an untimely motion to disqualify. After determining the mandamus petition presented a serious question concerning the relief sought, we requested a response. *See* TEX. R. APP. P. 52.8(b)(1). Both George and the trial court filed a response.

## STANDARD OF REVIEW

"[M]andamus relief is appropriate if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *In re Durnin*, 619 S.W.3d 250, 252 (Tex. 2021) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id*. Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding).

## DISCUSSION

"Disqualification of counsel is a severe remedy that can result in significant expense to clients, disrupt the orderly progress of litigation, and deprive a party of the counsel of its choice." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding). "In considering a motion to disqualify, the trial court must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding); *see In re Sanders*, 153 S.W.3d at 57 ("Disqualification is a measure

that can cause immediate harm by depriving a party of [her] chosen counsel and disrupting court proceedings."). This exacting standard requires that a motion to disqualify counsel be timely filed. *See Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) (orig. proceeding).

A party who fails to file a motion to disqualify opposing counsel in a timely manner waives the complaint. *Id*. In considering the timeliness of a motion to disqualify, we consider the length of time between when the conflict was apparent to the aggrieved party and when the motion to disqualify was filed. *See id.* at 690-91 (holding trial court abused its discretion in disqualifying counsel when movant was aware of opposing counsel's possible conflict of interest and waited six and a half months, until the day of the final hearing, to file her motion to disqualify); *In re Schmidt*, No. 04-18-00077-CV, 2018 WL 2121592, at *4 (Tex. App.—San Antonio May 9, 2018, orig. proceeding) (holding trial court abused its discretion in granting motion to disqualify relator's counsel when almost six months elapsed between the petition putting real parties on notice of the alleged conflict of interest and the filing of their motion to disqualify counsel). We also consider any evidence indicating the motion to disqualify was filed as a dilatory trial tactic. *In re Schmidt*, No. 04-18-00077-CV, 2018 WL 2121592, at *2; *see Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994) (orig. proceeding) (supp. op. on reh'g) ("The untimely urging of a disqualification motion lends support to any suspicion that the motion is being used as a tactical weapon."). For example, we consider whether the movant provided a satisfactory explanation for the delay, whether discovery has occurred, and whether the delay prejudices the opposing party. *In re Elec. Transmission Tex., LLC*, No. 13-24-00187-CV, 2024 WL 3221598, at *3-4 (Tex. App.—Corpus Christi–Edinburg June 28, 2024, orig. proceeding [mand. denied]) (citing *In re Epic Holdings, Inc.*, 985 S.W.2d 41, 52-53 (Tex 1998) (orig. proceeding)); *In re Schmidt*, 2018 WL 2121592, at *4.

In her mandamus petition, Anabel contends the trial court abused its discretion because the record conclusively establishes George was aware of Sanchez's conflict when he was served with Anabel's suit and waited twenty-eight months to file his motion to disqualify. "Courts have found waiver where a party waited as little as four to eight months to file a motion to disqualify." *In re Trujillo*, 511 S.W.3d 726, 729 (Tex. App—Tex. App.—El Paso 2015, orig. proceeding); *see also Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (holding court of appeals did not err in holding that seven-month delay in seeking attorney's disqualification was sufficient to establish waiver). "Some courts of appeals have found that delays of only four months operated to waive a disqualification complaint when the motion was filed on the eve of trial or a summary-judgment hearing." *In re Kyle Fin. Group, LLC*, 562 S.W.3d 795, 799 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding).

In his response, George argues that some of the delay should not count against him because Anabel waited more than a year to obtain a default judgment against him. We disagree. The timing of Anabel's default judgment has no bearing on George's delay in filing a motion to disqualify. *See In re Trujillo*, 511 S.W.3d at 730 (rejecting argument that movant's delay in filing motion to disqualify was excused because plaintiff's suit was not "moving forward"). George was served about two weeks after the suit was filed and he was aware of the conflict as soon as he was served with the suit.

George also argues that some of the delay should not count against him because he did not have an attorney to advise him that he could file a motion to disqualify Anabel's attorney.[3] But George does not direct us to any authority to support the proposition that unrepresented parties are exempt from timely filing a motion to disqualify, and we have found no such authority. To the

---

[3] In its response, the trial court echoes this argument, stating George "is a layperson who is not familiar with the law, much less when it is appropriate to file a Motion to Disqualify/Recuse an opposing attorney due to a conflict."

contrary, the cases uniformly provide that the relevant starting point is when the aggrieved party knew or should have known of the conflict, not when the aggrieved party was informed by counsel that a motion to disqualify was an available remedy.[4] *See Vaughan*, 875 S.W.2d at 690-91 ("Vaughan's daughter was aware of Goff's possible conflict of interest as early as the temporary hearing held on March 26, 1993."); *Hill v. SHR Luxury Condo. Ass'n, Inc.*, No. 09-22-00339-CV, 2024 WL 4784363, at *3 (Tex. App.—Beaumont Nov. 14, 2024, no pet.) ("Hill was made aware of Bays' involvement and representation of SHR II as early as November 2019, when Bays sent Hill a Notice of Foreclosure Sale letter informing him of Bays' representation."); *In re Trujillo*, 511 S.W.3d at 730 ("Llamas-Soforo knew or should have known [of opposing counsel's conflict of interest] no later than when Trujillo appeared at the Cardona trial in late September or early October 2013."); *In re Schmidt*, 2018 WL 2121592, at *4 ("We should consider the length of time between the moment the conflict became apparent to the aggrieved party to the time the motion for disqualification is filed in determining whether the complaint was waived."). Thus, in analyzing the timeliness of George's motion to disqualify counsel, the relevant points are when George knew about the conflict of interest and when he filed his motion. Here, the record conclusively establishes that George knew about the conflict of interest when he was served on January 15, 2022, and George did not file his motion until May 29, 2024, the day before trial. Thus, George waited more than twenty-eight months to file his motion to disqualify Sanchez.

George's argument is further flawed because he actually was represented by counsel for more than ten months, which is a substantial amount of time in this context. After the default judgment, George retained Pena, who filed and successfully urged a motion to set aside the default

---

[4] Furthermore, the timeliness of a motion to disqualify is a procedural matter, and courts generally draw no distinction between represented and unrepresented parties on procedural matters. As the Texas supreme court has instructed: "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

judgment for him. Pena was George's attorney for about eight months—until December 14, 2023—when the trial court signed an order granting his motion to withdraw. George subsequently retained another attorney, Flores, who first appeared in the case on March 19, 2024. But Flores then waited more than two months—until May 29, 2024—before filing the motion to disqualify on George's behalf.[5]

George next argues the delay during Flores's representation should not count against him because Flores told Sanchez and the trial court that she planned to file a motion to disqualify. Again, we disagree. The cases provide that the relevant end point for evaluating the timeliness of a motion to disqualify is the date the motion was filed. *See Vaughan*, 875 S.W.2d 690-91; *In re Schmidt*, 2018 WL 2121592, at *4. George also argues Flores's delay in filing his motion should be excused because Flores was out of the office for several weeks while caring for a sick family member. However, even after returning to work in early May 2024, Flores waited an additional three weeks, until May 29, 2024, to file George's motion to disqualify. Furthermore, George's motion to disqualify—a simple, two-page document—was not filed until the day before trial, providing support for the conclusion that it was a tactical measure to delay the trial. *See Grant*, 888 S.W.2d at 468; *In re Schmidt*, 2018 WL 2121592, at *2.

In this case, the record conclusively shows that the conflict of interest was apparent to George when he was served with the suit on January 15, 2022. However, George neglected to file a motion to disqualify until May 29, 2024, which is a twenty-eight-month delay. This twenty-eight-month delay renders George's motion to disqualify untimely. *See In re Kyle Fin. Group*, 562 S.W.3d at 800 (concluding motion to disqualify was untimely based on a more than thirteen-month

---

[5] George also argues that the eight months he was represented by Pena should not count against him because he hired Pena for the limited purpose of setting aside the default judgment. George does not direct us to any authority to support the proposition that a movant can circumvent his obligation to timely file a motion for disqualification by limiting the scope of his counsel's representation. We reject this argument.

delay in filing); *In re Trujillo*, 511 S.W.3d at 730 (concluding disqualification motion was untimely based on a sixteen-month delay). Additionally, even if we were to exclude the periods of time when George was unrepresented by counsel and consider only the ten-month period when George was represented by counsel, George's ten-month delay in filing his motion to disqualify still renders his motion untimely. *See Vaughan*, 875 S.W.2d at 691 (concluding motion to qualify counsel was untimely based on a six-and-a-half-month delay in filing); *In re Schmidt*, 2018 WL 2121592, at *4 (concluding motion to disqualify counsel was untimely when almost six months elapsed between notice of conflict and filing).

"A court must consider all the facts and circumstances when determining whether the interests of justice require disqualification." *Hill*, 2024 WL 4784363, at *3. Consideration of all the relevant facts and circumstances shows that George's motion to disqualify should have been denied. As previously discussed, George's motion to disqualify was untimely and he failed to satisfactorily explain the delay. As to Anabel, the belated disqualification of her attorney prejudices her by depriving her of the attorney of her choice, requiring her to incur the additional costs associated with retaining another attorney, and delaying the disposition of her suit. We conclude the trial court abused its discretion because it failed to properly apply the law to the facts and circumstances of this case. We further conclude that Anabel has no adequate remedy by appeal. *See In re Sanders*, 153 S.W.3d at 56 (providing mandamus is appropriate to correct erroneous granting of motion to disqualify because appellate remedy is inadequate).

We conditionally grant the petition for a writ of mandamus and order the trial court to withdraw its order granting the motion to disqualify and enter an order denying the motion to disqualify. The writ will issue only if the trial court fails to comply within fifteen days of the date of our opinion.

Adrian A. Spears II, Justice