**Petition for Writ of Mandamus Conditionally Granted and Opinion filed November 6, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00666-CV

## IN RE KYLE FINANCIAL GROUP, LLC, WILLIAM TAYLOR, AND BRANDI TAYLOR, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-09407**

## OPINION

Relators Kyle Financial Group, LLC, William Taylor, and Brandi Taylor, defendants in litigation, have filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. They ask this court to compel the Honorable Robert Schaffer, presiding judge of the 152nd District Court of Harris County, to vacate his May 22, 2018 order granting

the motion to disqualify Jack Hardin as litigation counsel for relators and ordering Hardin to withdraw as litigation counsel for relators (the "Disqualification Order").

Because the record shows that the real-parties-in-interest waived their right to seek disqualification through a lengthy and unexplained delay, we find merit in the relators' petition and conditionally grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

The real-parties-in-interest and plaintiffs below K. Griff Investigations, Inc. d/b/a/ K Griff Investigations & Civil Processing, and Kathy Griffin (collectively, the "Griff Parties") allege that Cronin, Riordian & Whitman Security Consultants, LLC ("CRW") approached K. Griff Investigations about purchasing the company. CRW signed a letter of intent to purchase K Griff Investigations. The letter of intent set forth certain conditions before closing could occur, including "CRW obtaining financing for the transactions."

Three weeks later, the Griff Parties received an email from attorney Jack Hardin, presumably acting on behalf of CRW. The email stated that the transaction was not going to close because the lender was not satisfied with the information provided in the due-diligence process and it did not appear that the conditions contained in the letter of intent had been satisfied.

Several months passed, and the Griff Parties filed suit against CRW and several other defendants, including relators, asserting claims for breach of contract, promissory estoppel, tortious interference, fraud, and civil conspiracy.

Attorney Jack Hardin filed answers for relators Kyle Financial Group, LLC, William Taylor, and Brandi Taylor (collectively, the "Kyle Parties") to the Griff Parties' suit.

The Griff Parties contend that they learned facts indicating that Hardin was a material fact witness through depositions they took of John Cronin on January 12, 2017, William Taylor on February 1, 2017, and Hardin on August 25, 2017. In particular, Taylor testified in his deposition that Kyle Financial Group decided not to fund the purchase because CRW was spending money inappropriately. The Griff Parties contend that Taylor's deposition testimony is inconsistent with the explanation Hardin gave in his email for not closing the transaction, that "the lender was not satisfied with the results of the due diligence." Thus, the Griff Parties were aware as early as February 1, 2017, that Hardin was a material witness whom they might need to testify at trial.

The Kyle Parties filed a notice on March 16, 2018, designating R. K. Hawes as their lead counsel, but indicated that Hardin would remain as additional counsel. A few days later and twenty-five months after Hardin first appeared as counsel for the Kyle Parties, the Griff Parties filed a motion to disqualify Hardin under Texas Disciplinary Rule of Professional Conduct 3.08. That rule, entitled "Lawyer as Witness," provides, with certain exceptions, that a lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client. Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a), *reprinted in* Tex. Gov't Code, tit.

2. The Griff Parties argued to the trial court that Hardin should be disqualified because he is a material fact witness with essential testimony.

The Kyle Parties opposed the motion, arguing, among other things, that the Griff Parties waived any right to seek disqualification by not filing their motion until 763 days after they filed suit.

At a hearing on the Griff Parties' motion to disqualify, the trial court asked the Griff Parties' counsel whether the Griff Parties waived their motion by waiting so long to file it. The Griff Parties' counsel offered no explanation for the Griff Parties' delay. The Griff Parties' counsel told the trial court: "I think the case law is pretty clear across the board. You can bring this up at any time."

The following month the trial court signed the Disqualification Order.

## MANDAMUS STANDARD

Courts may grant mandamus relief to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56–57 (Tex. 2004) (orig. proceeding) (per curiam). We review a trial court's decision on a motion to disqualify an attorney using an abuse-of-discretion standard. *Id.* A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). We review the trial court's legal conclusions with limited deference. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The Kyle

4

Parties must establish that the trial court reasonably could have reached only one decision and that decision is not the one the trial court made. *Id*.

## ANALYSIS

A party who does not move to disqualify opposing counsel in a timely manner waives the complaint. *See Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994) (orig. proceeding) (per curiam); *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex. 1994) (orig. proceeding) (per curiam). In determining whether a party has waived a complaint, we are to consider the time period between when the conflict becomes apparent to the aggrieved party and when the aggrieved party moves to disqualify. *See Vaughan*, 875 S.W.2d at 690–91; *In re Louisiana Texas Healthcare Mgmt., L.L.C.,* 349 S.W.3d 688, 690 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). We also are to consider whether any evidence suggests that the motion to disqualify amounts to a dilatory trial tactic. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding); *In re Louisiana Texas Healthcare Mgmt., L.L.C.,* 349 S.W.3d at 690.

A trial court's failure to find waiver of a disqualification complaint may constitute an abuse of discretion. In *Vaughan*, the Supreme Court of Texas held that the trial court abused its discretion by ordering the disqualification of Nancy Vaughn's attorney (Goff), concluding that the movant waived her right to seek to disqualify Goff by filing her motion to disqualify on the day of the final hearing, six and a half months after she became aware of Goff's possible conflict of interest. *See Vaughan*, 875 S.W.2d at 690–91. In *In re Gunn*, this court held that the trial court abused its discretion in granting a motion to disqualify counsel because the movant waived the complaint through a fifteen-month delay in filing the motion after the movant learned of the conflict. *See* No. 14-13-

5

00566-CV, 2013 WL 5631241, at \*7 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, orig. proceeding) (mem. op.)

Under binding precedent, unexplained delays of six months or more may result in waiver as a matter of law. In *Diggs v. Diggs*, this court discussed *Vaughn* and other decisions holding that unexplained delays of six to seven months result in waiver:

> Attorney conflicts of interest are governed by the Texas Disciplinary Rules of Professional Conduct. Complaints based on violations of these rules are waived if not timely raised. *E.g., Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) ("The court of appeals held that Buck's unexplained **seven-month** delay in seeking the attorney's disqualification [based on an alleged conflict of interest] was sufficient to establish waiver. We have held that a delay of **even less time** waives a motion to disqualify." (emphasis added).); *Vaughan v. Walther*, 875 S.W.2d 690, 690–91 (Tex.1994) (orig. proceeding) (holding that delay of **six and a half months** between time that party became aware of possible conflict of interest and seeking to disqualify attorney resulted in waiver of that party's right to disqualify attorney).

No. 14-11-00854-CV, 2013 WL 3580424, at \*7 (Tex. App.—Houston [14th Dist.] July 11, 2013, no pet.) (mem. op.) (emphasis added). The *Diggs* court relied on these decisions to hold that appellant waived the mediator's alleged conflict of interest by waiting nearly six months before complaining that the mediator should be disqualified. *Id. See also In re Schmidt*, No. 04-18-00077-CV, 2018 WL 2121592, at \*4 (Tex. App.—San Antonio May 9, 2018, orig. proceeding) (mem. op.) (granting petition for writ of mandamus because the movants' unexplained six-month delay waived their motion to disqualify).

Some courts of appeals have found that delays of only four months operated to waive a disqualification complaint when the motion was filed on the eve of trial or a

6

summary-judgment hearing. *See Conoco Inc. v. Baskin*, 803 S.W.2d 416, 420 (Tex. App.—El Paso 1991, no writ) (holding that four-month delay in the context of the trial setting sufficed to support the trial court's waiver finding); *Enstar Petroleum Co. v. Mancias*, 773 S.W.2d 662, 664 (Tex. App.—San Antonio 1989, orig. proceeding) (holding that a motion to disqualify filed on the date of trial after a four-month delay was untimely and waived). But, delay for which there is a reasonable explanation does not result in waiver. In *In re EPIC Holdings, Inc.*, the plaintiff argued that the defendants waived disqualification of her counsel by waiting seven more months to file their motions to disqualify. 985 S.W.2d 41, 52–53 (Tex. 1998) (orig. proceeding). The supreme court concluded that the defendants satisfactorily explained this delay. *Id.* at 52. For four months after the plaintiff filed suit, the defendants' counsel was unaware of the connection between the law firm of one of the plaintiff's current attorneys and the law firm that earlier had represented two of the relators. *Id.* The plaintiff conceded that during the last four months of 1994 the parties were exchanging information to identify and resolve disqualification issues, but she nonetheless argued that the defendants should have filed their motions at least three months before they did. *Id.* at 52–53. The parties continued their efforts to resolve the issues they could before discovery commenced, at which point the defendants immediately filed their motions to disqualify. *Id.* at 53. The supreme court noted, "It is of some importance that in the eleven months before the motions to disqualify were filed almost no discovery was conducted except on disqualification issues. The delay in filing the motions did not prejudice [the plaintiff's] prosecution of her claims." *Id.* Thus, *EPIC Holdings, Inc.* teaches that a court, in deciding waiver, should consider whether the movants for disqualification have a

7

reasonable explanation for the delay, whether significant discovery has occurred, and whether the delay prejudiced the respondents.

The Griff Parties' motion to disqualify shows that, as early as February 1, 2017, when they took Taylor's deposition, they were aware that Hardin was a material witness whom they might need to testify at trial. Yet, the Griff Parties did not file their motion to disqualify until March 19, 2018, more than thirteen months later. The Griff Parties did not give the trial court any explanation for their delay.

The Griff Parties state that they raised Hardin's alleged conflict in other hearings before they filed their motion to disqualify. But they give no record cites to support this assertion. Nor do they state when or how they raised the issue.

Not only did the Griff Parties fail to explain their more than thirteen-month delay, at the time they filed their motion, significant discovery had occurred, and the case was close to trial. The parties had completed the depositions of Cronin, Taylor, and Hardin. The Griff Parties filed their motion to disqualify only about two months before the trial setting. *See e.g.*, *Conoco Inc.*, 803 S.W.2d at 420 (holding that four-month delay in filing the motion to disqualify (filed on August 24) in the context of the October 16 trial setting sufficed to support a waiver finding).

We conclude that as a matter of law the Griff Parties waived their disqualification complaint against attorney Hardin through their more than thirteen-month unexplained delay in filing their motion to disqualify after they learned that Hardin was a material witness. *See Vaughan*, 875 S.W.2d at 690–91; *Diggs*, 2013 WL 3580424, at \*7. The trial court, therefore, abused its discretion by granting the motion to disqualify.

8

## CONCLUSION

We conditionally grant the petition for writ of mandamus and direct the trial court to vacate the Disqualification Order. We are confident the trial court will act in accordance with this opinion. The writ of mandamus shall issue only if the trial court fails to do so.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Busby.

9