In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00339-CV**
_____

**PETER HILL AND SUBDIVISION OF SILVER CITY, LLC, Appellants**

**V.**

**SHR LUXURY CONDOMINIUM ASSOCIATION, INC. AND
SHR II LUXURY CONDOMINIUM ASSOCIATION, INC., Appellees**

**On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 19-12-15984-CV**

**MEMORANDUM OPINION**

Appellants Peter Hill ("Hill") and Subdivision of Silver City, LLC ("Silver City"), collectively "Appellants," appeal the trial court's Order Denying Appellants' Motion to Disqualify Counsel and Final Judgment that incorporated the jury's award of damages and property interests to Appellees SHR Luxury Condominium Association, Inc. ("SHR") and SHR II Luxury Condominium Association, Inc.

1

("SHR II"). For the reasons explained below, we affirm the trial court's Order and Final Judgment.

## Background

SHR and SHR II are the condominium owners' associations for the Sunset Harbor Resort Luxury Condominiums project and Sunset Harbor II Resort Luxury Condominiums project, both located on the shore of Lake Conroe. In 2015, Hill became the director/sole manager of SHR and SHR II, and his duties included handling the purchase and sale of time share rentals. While acting as director/sole manager of SHR and SHR II, Hill convinced 1,800 interest holders to convey their property interests, plus a fee of $1,000, to Silver City, an entity wholly owned and operated by Hill, in exchange for settlement of claims to cancel timeshares or cancellation of the timeshares.

In 2019, a new board of directors was elected for SHR and SHR II, and SHR and SHR II started foreclosure proceedings for the non-payment of dues against Appellants' properties. On December 2, 2019, Appellants sued SHR and SHR II to enjoin the foreclosure sale and for a claim of common law fraud/negligent misrepresentation; however, their efforts to enjoin the foreclosure were unsuccessful, and on December 3, 2019, the properties were transferred by Trustee deeds. Appellants later amended their petition to include claims of wrongful

foreclosure, conspiracy, fraudulent filing, common law fraud/negligent misrepresentation and sought to set aside the Trustee's deeds.

In September 2020, SHR and SHR II asserted counterclaims against Appellants for Hill's actions in not only improperly acquiring the timeshare property interests but doing so while acting as director of SHR and SHR II. Additionally, SHR and SHR II brought claims of fraud, common law and statutory breach of fiduciary duty, conversion, and misappropriation. That same month, Appellants filed a Motion for Continuance and requested that the December 2020 trial setting be continued due to effects of the Covid 19 virus and the recent counterclaims of SHR and SHR II.

In November 2020, Appellants filed a Motion to Disqualify Counsel, arguing that opposing counsel, J. Randal Bays ("Bays") served as counsel to Hill and Silver City from 2014 through January 2018 in several legal matters. According to Hill, Bays represented Appellants in a March 2015 legal matter against SHR regarding the interpretation of SHR's Bylaws and Declaration and violations of Restrictive Covenants. As a result of this matter, Hill stated that Bays learned about SHR and SHR II and its operations and Hill's personal financial position, holdings, loan resources, and personal life. Hill explained that Bays assisted with the purchase of several units at Sunset Harbor Resorts and advised Hill about the operation and management of SHR and SHR II. Furthermore, Hill and Silver City indicated that

3

Bays advised Silver City on how to release timeshare owners of their obligations and prepared the release of lien and deed documents for several of Silver City's acquisitions.

In response to the Motion to Disqualify Counsel, Bays detailed that he represented Appellants in a suit filed in 2015 regarding the lawfulness of a special assessment that was approved by members of SHR. Bays argued that Appellants waived their complaint because it was not brought promptly, the legal issues are not substantially related to Bays' prior representation of Hill and Silver City, and that Bays being a potential witness in this matter does not bar him from also being an advocate.

The trial court denied Hill's and Silver City's Motion to Disqualify Counsel and continued the trial setting. In July 2022, the trial court conducted a jury trial. After Appellants presented and rested their case, SHR and SHR II moved for a directed verdict, and the trial court granted a directed verdict on all claims against SHR and SHR II. The trial court then conducted a jury trial on SHR II's counterclaims,[1] and the jury found that Hill failed to comply with his fiduciary duties as a director and manager to SHR II, Appellants converted SHR II's property without SHR II's consent, and the harm to SHR II as a result of Hill's actions was the result

---

[1] SHR dropped its counterclaim against Hill and Silver City in the First Amended Original Counterclaim. SHR II remained the sole Counterclaim Plaintiff.

4

of fraud. The jury awarded SHR II $1,838,000 in damages for money owed to SHR II and forgiven by Silver City, $746,636.70 reasonable rent, $100,000 in exemplary damages, and attorney's fees. Additionally, the trial court ordered that all right, title, and interest that Silver City had in certain timeshares be vested in SHR II.

## Standard of Review and Analysis

We review Appellants' first issue, the trial court's denial of Appellants' attorney disqualification motion, under an abuse of discretion standard. *See Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 128, 132 (Tex. 1996). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, clearly fails to correctly analyze or apply the law, or acts without reference to any guiding rules or principles. *In re RSR Corp.*, 475 S.W.3d 775, 778 (Tex. 2015) (orig. proceeding); *In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

Disqualification of a party's counsel is a severe remedy which "can result in immediate and palpable harm, disrupt trial court proceedings, and deprive a party of the right to have counsel of choice." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (per curiam). When considering disqualification, the trial court must discourage the use of such motions as a dilatory trial tactic and adhere to an exacting standard. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding) (citation omitted). As such, it is the movant's

5

burden to prove that the attorney should be disqualified. *Cimarron Agric., Ltd. v. Guitar Holding Co., L.P.*, 209 S.W.3d 197, 201 (Tex. App.—El Paso 2006, no pet.) (citing *Spears*, 797 S.W.2d at 656). "Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under this standard." *Spears*, 797 S.W.2d at 656. "[L]awyers who violate the conflict-of-interest rules must be disqualified because there is an irrebuttable presumption that a lawyer obtains a client's confidential information during representation." *In re Thetford*, 574 S.W.3d 362, 373 (Tex. 2019) (orig. proceeding). "Although the attorney will not be presumed to have shared that information with his current client, the 'appearance of impropriety' demands that the trial court disqualify counsel." *Id.* (citation omitted).

A court must consider all the facts and circumstances when determining whether the interests of justice require disqualification. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding). Although the Disciplinary Rules are considered when deciding whether an attorney is disqualified, the rules do not determine whether counsel is disqualified but rather "'provide helpful guidance'" and "'suggest the relevant considerations.'" *Id.* (quoting *Godbey*, 924 S.W.2d at 132).

"A party who fails to file its motion to disqualify opposing counsel in a timely manner waives the complaint." *Vaughan v. Walther*, 875 S.W.2d 690, 690 (Tex.

1994) (orig. proceeding) (per curiam); *In re Kyle Fin. Grp., LLC*, 562 S.W.3d 795, 798 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Grant v. Thirteenth Court of Appeals*, 888 S.W.2d 466, 468 (Tex. 1994) (orig. proceeding) (per curiam). When determining if a party has waived a disqualification complaint, courts consider the time period between when the conflict becomes apparent to the aggrieved party and when the aggrieved party moves to disqualify, and courts also consider if the evidence suggests the motion to disqualify amounts to a dilatory trial tactic. *In re Kyle Fin. Grp., LLC*, 562 S.W.3d at 798.

When considering whether a party waived a complaint about an attorney's potential or actual conflict, some courts have held that a delay as short as three or four months operated to waive a disqualification complaint when filed on or near trial or a summary judgment hearing. *See Conoco Inc. v. Baskin*, 803 S.W.2d 416, 420 (Tex. App.—El Paso 1991, no writ); *Enstar Petroleum Co. v. Mancias*, 773 S.W.2d 662, 664 (Tex. App.—San Antonio 1989, orig. proceeding). That said, delay accompanied with a reasonable explanation does not necessarily result in waiver. *See In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 52-53 (Tex. 1998) (orig. proceeding) (holding that the party's delay in filing the disqualification motion was due to efforts to identify and resolve disqualification issues). In other cases, unexplained delays constituted waiver despite any proximity to a trial setting or summary judgment deadline. *Buck v. Palmer*, 381 S.W.3d 525, 528 (Tex. 2012) (affirming denial of a

7

motion to disqualify filed after seven months with no explanation); *Vaughan*, 875 S.W.2d at 691 (holding that a motion to disqualify filed after six months was not timely and thus waived); *In re Kyle Fin. Grp., LLC*, 562 S.W.3d at 800 (granting mandamus relief when court granted a motion to disqualify filed thirteen months after counsel first appeared); *Diggs v. Diggs*, No. 14-11-00854-CV, 2013 WL 3580424, at *7 (Tex. App.—Houston [14th Dist.] July 11, 2013, no pet.) (mem. op.) (holding that a disqualification complaint was waived when counsel waited nearly six months to complain that mediator should be disqualified).

Here, Hill was made aware of Bays' involvement and representation of SHR II as early as November 2019, when Bays sent Hill a Notice of Foreclosure Sale letter informing him of Bays' representation and of SHR II's desire to foreclose on certain units owned by Appellants. Bays filed the Original Answer on behalf of SHR and SHR II in December 2019 in response to Appellants' First Amended Petition, and Bays filed an Original Counterclaim against Appellants in September 2020 on behalf of SHR and SHR II. Appellants filed their Motion to Disqualify Counsel in November 2020, one month prior to the trial setting, and the Motion failed to provide an explanation for the delayed filing.

Therefore, we conclude that the trial court did not abuse its discretion in denying the motion to disqualify because it reasonably could have concluded that Appellants waived their disqualification complaint against Bays through the more

than eleven-month delay in filing their Motion to Disqualify. *See Vaughan*, 875 S.W.2d at 69. We overrule Appellants' first issue.

In their second issue, Appellants complain that the trial court erroneously awarded a double recovery by awarding SHR II money damages and the timeshares at issue. According to Appellants, because the jury charge did not include a question regarding the timeshare property interests, the trial court had no grounds to support its award of forfeiture or disgorgement.

On appeal, SHR II explained that in its amended live pleading, it requested punitive damages and all timeshare interests Silver City wrongfully obtained. According to SHR II, the recovery was not double because the money award included money SHR II paid to Silver City as a result of the wrongful release of money owed to SHR II and the reasonable rent SHR II should have received on the wrongfully transferred timeshares.

We review the trial court's judgment awarding money damages and equitable forfeiture for an abuse of discretion. *See Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428-29 (Tex. 2008). Generally, the trial court, not the jury, determines the "expediency, necessity, or propriety of equitable relief." *State v. Tex. Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex. 1979) (citation omitted). If any fact issue needs to be resolved before equitable relief can be determined, the party is entitled to have a jury resolve the disputed fact issues. *Burrow v. Arce*, 997 S.W.2d 229, 245 (Tex.

9

1999). However, once any factual dispute is resolved, "the weighing of all equitable considerations . . . and the ultimate decision of how much, if any, equitable relief should be awarded, must be determined by the trial court[.]" *Hudson v. Cooper*, 162 S.W.3d 685, 688 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Burrow*, 997 S.W.2d at 245-46).

Though a party may sue and seek damages on alternative theories, a party is not entitled to a double recovery, or to recover twice for the same injury. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *see Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012). "Under the one-satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered because of a particular injury." *Utts v. Short*, 81 S.W.3d 822, 831 (Tex. 2002) (citation omitted). It is important to note that the one-satisfaction rule does not preclude recovery of both actual damages and the equitable remedy of disgorgement because those remedies address separate and distinct injuries. *Saden v. Smith*, 415 S.W.3d 450, 469 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

In a suit for breach of fiduciary duty, a plaintiff may be awarded actual damages and recover lost profits. *See Carr v.* Weiss, 984 S.W.2d 753, 769 (Tex. App.—Amarillo 1999, pet denied); *Duncan v. Lichtenberger*, 671 S.W.2d 948, 952-53 (Tex. —Fort Worth 1984, writ ref'd n.r.e.). A plaintiff may also be entitled to equitable relief, and the trial court has discretion to apply an appropriate equitable

10

remedy. *See Wagner & Brown, Ltd.*, 282 S.W.3d at 428-29. Disgorgement is an equitable forfeiture of wrongfully obtained benefits. *In re Longview Energy Co.*, 464 S.W.3d 353, 361 (Tex. 2015). Equitable forfeiture is distinguishable from an award of actual damages incurred because of a breach of fiduciary duty. *See Burrow*, 997 S.W.2d at 240. Imposing a forfeiture award is a determination of the trial court and it is based on the equity of circumstances. *Id.* at 245. Factors that a trial court should consider include the gravity and timing of the breach, the level of intent or fault, the benefits received by the principal despite the breach, the relationship of the breach to the fiduciary relationship, harm to the principal, adequacy of other remedies, and whether forfeiture fits the circumstances. *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 873-75 (Tex. 2010). It is within the discretion of the trial court to determine the amount or extent of a forfeiture award based on the circumstances. *See Burrow*, 997 S.W.2d at 241-43, 245.

Here, the jury found that Hill breached his fiduciary duties to SHR, that the harm to SHR as a result of the breach was the result of fraud, that Hill took a corporate opportunity that belonged to SHR when he breached his fiduciary duty, and that the harm to SHR caused by Hill taking a corporate opportunity that belonged to SHR was the result of fraud. To remedy a breach of fiduciary duty, a court may require the wrongdoer to "disgorge all ill-gotten profits from a fiduciary when a fiduciary agent usurps an opportunity properly belonging to a principal[] or

11

competes with a principal." *ERI Consulting Eng'rs, Inc.*, 318 S.W.3d at 873; *see, e.g., Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002) (stating the rule that courts may disgorge any profit where "an agent diverted an opportunity from the principal or engaged in competition with the principal, [and] the agent or an entity controlled by the agent profited or benefitted in some way."). Based on the jury's finding, the trial court was permitted to order Appellants to disgorge any timeshare property interests acquired as a result of the breach of fiduciary duty. *ERI Consulting Eng'rs, Inc.*, 318 S.W.3d at 873.

Additionally, here the equitable forfeiture is distinguishable from the damages awarded because of the breach of fiduciary duty findings by the jury. *See Burrow*, 997 S.W.2d at 245. We conclude the trial court did not abuse its discretion in awarding disgorgement of the timeshares in light of the findings from the jury that Appellant breached its fiduciary duty to Appellees. We overrule issue two.

### Conclusion

Having overruled both of Appellants' issues, we affirm the trial court's Order Denying Appellants' Motion to Disqualify Counsel and the trial court's Final Judgment awarding damages and timeshare property interests to SHR II.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on October 2, 2024
Opinion Delivered November 14, 2024

Before Golemon, C.J., Johnson and Wright, JJ.